FILED

2015 OCT 16 AM 8:17

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  TH  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>LIPOPSUN INTERNATIONAL CORPORATION, a California corporation,<br><br>                      Defendant. | Case No.: 3:15-cv-00682 -GPC<br><br>**ORDER GRANTING IN PART JOINT MOTION TO CONTIUE FACT DISCOVERY CUT-OFF**<br><br>[Doc. No. 18] |

On September 18, 2015, the parties filed a Joint Motion to Continue the Fact Discovery Cut-Off from October 23, 2015 until February 22, 2016. [Doc. 18.] Therein, the parties provided several reasons to support their request, including delayed production of documents by defendant, and the delay in conducting a Rule 30(b)(6) deposition before the deadline due to a "high-risk pregnancy" and paternity leave of the lead trial counsel for defendant. *Id.* at p. 2-3. While the request does provide sufficient cause to grant a continuance, the document does not provide justification to support four months requested to complete the factual discovery. Based upon the scope of discovery remaining and considering the leave of lead counsel, however, this Court will allow for a more limited continuance of the discovery schedule. Therefore, the Court **GRANTS** in part the Joint

Motion to Continue Fact Discovery Cut-off and amends the subsequent pre-trial proceedings accordingly:

1. All fact discovery shall be completed by all parties by **February 8, 2016**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

2. The parties shall designate their respective experts in writing by **March 7, 2016**. Pursuant to Fed. R. Civ. P. 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **March 21, 2016**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By **April 21, 2016**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of

expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

4.  Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **May 5, 2016**.

5.  All expert discovery shall be completed by all parties by **June 6, 2016**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.  Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6.  All other pretrial motions, including those addressing Daubert issues related to dispositive motions must be filed by **July 8, 2016**.  Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be accompanied by a separate statement of undisputed material facts.  Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Motion papers MUST be filed and served the same day of obtaining a motion hearing date from chambers.  A briefing schedule will be issued once a motion has been filed.  The period of time between the date you request a motion date and the hearing date may vary.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.

7.  A Mandatory Settlement Conference shall be conducted on **October 3, 2016** at **9:30 A.M.** in the chambers of Magistrate Judge Karen S. Crawford.  Counsel or any party representing himself or herself shall lodge confidential settlement briefs directly to chambers by **September 26, 2016**.  All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

1  8. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, the parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

9. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **October 21, 2016**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

10. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **October 28, 2016**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

11. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **November 4, 2016**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

12. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **November 11, 2016**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

13. The final Pretrial Conference is scheduled on the calendar of the **Honorable Gonzalo P. Curiel** on **November 18, 2016** at **1:30pm**. The Court will set a trial date during the pretrial conference. The Court will also schedule a motion in limine hearing

date during the pretrial conference.

14. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

15. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

16. The dates and times set forth herein will not be modified except for good cause shown.

17. Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day shall not exceed twenty-five (25) pages in length, per party, without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

18. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Date: ___Oct 15___, 2015

KAREN S. CRAWFORD
United States Magistrate Judge